UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES LITTLE BEAR,<br>a/k/a "Dale Little Bear,"<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. 11-5029-KES<br><br><br>**ORDER DIRECTING FORMER<br>COUNSEL TO PROVIDE<br>AFFIDAVITS** |

## INTRODUCTION

Having been convicted of two counts of abusive sexual contact (a violation of 18 U.S.C. §§ 1153 and 2244(a)(3)), and sentenced to 48 months imprisonment, petitioner Charles Little Bear filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. The district court, the Honorable Karen E. Schreier, Chief Judge, ordered respondent the United States of America (government) to respond to Mr. Little Bear's motion. See Docket No. 3.

In order to carry out the court's directive that it respond, the government sought an order directing Mr. Little Bear's former counsel to provide affidavits to the government addressing the claims of ineffective assistance of counsel raised in Mr. Little Bear's motion. See Docket No. 4. Mr. Little Bear's former counsel objected to the government's request. See Docket No. 6.

Subsequently, the district court referred this entire case to this magistrate judge.  See Docket No. 11.

## FACTS

The limited issue decided by the court in this order is whether Mr. Little Bear's former counsel may ethically provide an affidavit to the government responsive to the claims of ineffective assistance of counsel raised by Mr. Little Bear.  As to that limited issue, the following facts are relevant.

Mr. Little Bear's December 17, 2009, convictions followed a full jury trial, at which he was represented by assistant Federal Public Defender George Grassby.  He was sentenced on April 5, 2010, to two 24-month terms of incarceration, to run consecutively for a total of 48 months.  A direct appeal to the Eighth Circuit was timely filed on his behalf two days later.

On appeal, Mr. Grassby represented Mr. Little Bear in oral argument, and Mark Falk, also an assistant Federal Public Defender, wrote the appellate briefs.  In his initial brief on appeal, Mr. Little Bear's counsel raised six issues, the first three having to do with his conviction, and the last three having to do with the sentence imposed.  See Docket No. 8-1.  The government filed a responsive brief, after which Mr. Little Bear filed a reply brief.  Id.  In the reply brief, Mr. Little Bear withdrew all three issues having to do with his conviction.  Id.  Thus, the only issues presented to the Eighth Circuit bore on the sentence imposed, not the conviction.  Id.

The Eighth Circuit affirmed the district court's sentence in an opinion issued February 25, 2011. Mr. Little Bear sought review by the United States Supreme Court. The Supreme Court denied his petition for certiorari on March 18, 2011. Mr. Little Bear filed his motion to vacate, set aside, or correct his sentence on April 4, 2011.

In his motion, Mr. Little Bear asserts four claims that his counsel was constitutionally ineffective, depriving him of his right to counsel guaranteed by the Sixth Amendment to the United States Constitution. The first claim Mr. Little Bear makes is that Mr. Grassby was ineffective by failing to investigate, interview, and call as a trial witness the mother of the victim in his case. Mr. Little Bear asserts that the mother would have provided an alibi for him and would have testified that the victim had a habit of lying. In his second, third, and fourth claims, Mr. Little Bear asserts that his counsel was ineffective in handling his appeal by withdrawing the three issues having to do with his conviction (one claim of ineffective assistance is associated with each withdrawn claim).

The government points out that, from the appellate briefs filed on Mr. Little Bear's behalf, it can glean the fact that the three issues having to do with review of the conviction in this case were withdrawn. However, the record on appeal does not reveal *why* those issues were withdrawn. Hence, in order to respond to Mr. Little Bear's allegations of ineffective assistance, the government

needs Mr. Little Bear's former counsel to explain why these issues were withdrawn. Similarly, the government does not know what efforts were made by Mr. Little Bear to investigate the potential testimony of the victim's mother and the reasons why she was not called as a witness at trial.

Mr. Grassby objects to providing an affidavit to the government. He relies upon Formal Opinion 10-456 from the American Bar Association and Model Rule 1.6(a) and (b) in arguing that the provision of an affidavit would cause him to violate his ethical obligations to Mr. Little Bear.

## DISCUSSION

**A. Whether Affidavits are Proper Under the Rules Governing § 2255 Proceedings**

Congress has promulgated specific rules, proposed by the United States Supreme Court, which are applicable to § 2255 proceedings in the United States District Courts. See "Rules Governing Section 2255 Proceedings for the United States District Courts," Pub. L. No. 94-426, § 1, 90 Stat. 1334 (effective Feb. 1, 1977, as amended in 1979, 1982, 1993, 2004, and 2009) ("§ 2255 Rules"). The rules authorize the court to conduct a preliminary review of the § 2255 motion and the attached exhibits to determine whether it plainly appears that the moving party is not entitled to relief. § 2255 Rules, Rule 4(b). If the motion cannot be dismissed based on the court's initial review, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id.

Where the court has directed the government to answer the habeas petition, the government's answer "must address the allegations in the motion." § 2255 Rules, Rule 5(a) and (b).

Rule 7 allows expansion of the record where the § 2255 motion is not initially dismissed. The court may direct the parties to expand the record "by submitting additional materials relating to the motion." § 2255 Rules, Rule 7(a). Rule 7(b) denotes some of the specific types of materials that the court may require, including "letters predating the filing of the motion, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits also may be submitted and considered as part of the record." § 2255 Rules, Rule 7(b).

After receiving any additional information submitted under Rule 7, the court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." § 2255, Rule 8(a). Under Rule 8, the court should have the benefit of the government's answer before ordering an evidentiary hearing on the motion.

It is clear that under the rules governing § 2255 proceedings, particularly Rule 7(b), affidavits are generally a proper source of evidence for the court's consideration. It is equally clear that before the court can properly determine that an evidentiary hearing is justified in this case, the court must review the

government's answer and other materials. § 2255 Rules, Rule 8(a). The government has indicated that in order to fully and properly answer the allegations contained in Mr. Little Bear's motion, the affidavits of his former counsel are necessary. See Docket No. 4. The remaining inquiries as to the government's motion for affidavits are: (1) whether the nature of Mr. Little Bear's claims operate as a waiver of the attorney-client privilege and (2) whether this waiver permits the court to direct his former counsel to submit affidavits under Rule 7, or whether only live testimony at an evidentiary hearing is permissible.

**B.      Whether Mr. Little Bear's Claims Effect an Implied Waiver of the Attorney-Client Privilege**

Mr. Little Bear's habeas petition asserts four grounds for relief. Docket No. 1. All of these claims assert that he received ineffective assistance of counsel, in violation of the Sixth Amendment.

The government asserts that the circumstances which led to Mr. Little Bear's claims that he received constitutionally deficient assistance of counsel are uniquely within counsels' knowledge and that a limited affidavit from each attorney would explain each attorney's decisions with respect to the handling of Mr. Little Bear's case.

It is universally held that a habeas petitioner's claim that he received ineffective assistance of counsel impliedly waives the attorney-client privilege with respect to those attorney-client communications which are necessary to

6

prove or disprove his claim. Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974). See also United States v. Pinson, 584 F.3d 972, 977-78 (10th Cir. 2009); In re Lott, 424 F.3d 446, 453 (6th Cir. 2005); Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003); Johnson v. Alabama, 256 F.3d 1156, 1178-79 (11th Cir. 2001); Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967).

Implied waivers of attorney-client privilege are construed narrowly. Lott, 424 F.3d at 453; Bittaker, 331 F.3d at 720. Thus, the privilege is waived only as to those specific issues raised in the habeas petition. Id.

Based on the above authorities, it is clear that Mr. Little Bear has impliedly waived his attorney-client privilege with Mr. Grassby and Mr. Falk to the extent of any discussions had between himself and his attorneys regarding the four specific issues raised in his motion to vacate, set aside, or correct his sentence. It is also clear from the foregoing that Rule 7 of the rules governing § 2255 actions permits the court to require affidavits to expand the record before deciding whether to grant an evidentiary hearing. However, a finding that there has been an implied waiver of privilege, and that affidavits are permissible, does not resolve the question as to whether Mr. Little Bear's former counsel would be committing an ethical violation by providing affidavits.

## C. Whether Providing Affidavits Violates Counsels' Ethical Obligations

Mr. Grassby, in objecting to the government's request for an affidavit from him, invokes the American Bar Association's (ABA) Model Rule 1.6 and the ABA's Formal Opinion 10-456. Model Rule 1.6(a) provides as follows:

> A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraph (b).

Paragraph (b) of Model Rule 1.6, to which subsection (a) makes reference, provides in pertinent part as follows:

> A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:
> \* \* \* \*
> (5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>
> (6) to comply with other law or a court order.

The ABA Formal Opinion 10-456, cited by Mr. Grassby, interprets the above rules in the context of a habeas action asserting ineffective assistance of counsel claims. See ABA Op. 10-456, Docket No. 6-1.

The opinion recognizes that the assertion of an ineffective assistance of counsel claim waives the attorney-client privilege as to discussions between the habeas petitioner and former counsel concerning that claim. Id. at 2. The opinion is focused primarily on disclosures by a former attorney of the habeas

8

petitioner in an informal, voluntary setting with the prosecutor. Id. at 4-5. In such a setting, unsupervised by a judicial officer, there is a risk that former counsel's disclosures would be broader than necessary to address the ineffective assistance claims. Id. at 5. Such unwarranted disclosures may prejudice the habeas petitioner should he or she win a retrial of his or her case. Id. Such informal, unsupervised disclosures might also have a chilling effect on future defendants who might be discouraged from fully confiding in their lawyers. Id. Therefore, the opinion recommends that disclosures by former counsel be made in a setting subject to judicial supervision. Id.

There have been many courts who have ordered affidavits be prepared by former counsel in habeas proceedings. In Nelson v. United States, 2010 WL 3398791 (W.D. Mo. Aug. 24, 2010), the district court ordered former counsel in a death penalty case to file affidavits addressing the habeas petitioner's claims of ineffective assistance of counsel. Id. at *4. In order to preclude an overbroad disclosure, the court ordered counsel to prepare affidavits addressing only those six ineffective assistance claims that were before the court. Id. at **2-3. The court further required that government counsel provide copies of the affidavits to the habeas petitioner. Id. at *3. The court also ruled that the request for affidavits by the government was not contrary to the rules governing § 2255 proceedings. Id. Cf. Dible v. United States, 2010 WL 2652202, *2 (N.D. Iowa June 28, 2010 ) (ordering former counsel to

9

cooperate with the government by providing information and documents and preparing an affidavit if necessary); Hayes v. United States, 2009 Wl 2071244 *1-2 (E.D. Mo. July 13, 2009) (same); United States v. Lossia, 2008 WL 192274 (E.D. Mich. Jan. 23, 2008).

In Clock v. United States, 2010 WL 890445, *1 (D.N.H. Mar. 8, 2010), the habeas petitioner explicitly waived attorney-client privilege in writing as to the matters asserted in her ineffective assistance of counsel claims, but former counsel still refused to provide information to the government. The court ordered former counsel to prepare an affidavit addressing only the specific issues raised in Clock's § 2255 petition and to file the affidavit. Id. at *2.

This court believes that requiring former counsel to provide information to the government via affidavit is a proper course of action in this case. Such a procedure protects Mr. Little Bear from the informal, unsupervised disclosures between former counsel and the government against which the ABA opinion is especially directed. The provision of affidavits is a judically-supervised method of disclosure because the disclosures must be made in writing and submitted to the court. This ensures that former counsel will not disclose matters not relevant to the ineffective assistance claims. The provision of affidavits also allows both the court and habeas petitioner to monitor the disclosures that are made by former counsel. Finally, the court notes that affidavits are especially

amenable to this case because Mr. Little Bear's allegations of ineffective assistance are highly specific, not generalized, allegations.

Accordingly, the court will grant the government's request for affidavits as set forth more specifically below.

## CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the government's motion for an order directing George Grassby and Mark Falk to prepare affidavits in response to petitioner Charles Little Bear's petition [Docket No. 4], is granted. The government shall serve Mr. Grassby and Mr. Falk with this opinion together with a copy of Mr. Little Bear's motion to vacate, set aside, or correct his sentence.

The court assumes that neither Jana Miner nor Neil Fulton, who were Acting Federal Public Defender and Federal Public Defender (respectively) at the time of the claims described in this matter, have personal knowledge of Mr. Little Bear's claims of ineffective assistance. The court also assumes that neither Ms. Miner nor Mr. Fulton had direct conversations with Mr. Little Bear regarding the subject of Mr. Little Bear's habeas claims. However, to the extent either of these assumptions are in error, the court directs that Ms. Miner and Mr. Fulton respond in accordance with this Order in the same manner as specified for Mr. Grassby and Mr. Falk. It is further

ORDERED that Mr. Grassby and Mr. Falk shall, within 21 days following service upon them of this order, serve the government with affidavits addressing Mr. Little Bear's four separate allegations of ineffective assistance of counsel, set forth in grounds 1 through 4 of his motion.  These affidavits of Mr. Little Bear's former counsel shall not reveal matters protected by attorney-client privilege other than the four specific allegations contained in Mr. Little Bear's motion.  Any documents from counsel's files which bear on any one of these four allegations should be appended to the affidavits executed by Mr. Grassby and Mr. Falk.  It is further

ORDERED that, after receiving said affidavits, the government shall immediately serve the same on Mr. Little Bear and provide the court with proof of service of the affidavits on him.  It is further

ORDERED that the government shall file its response to Mr. Little Bear's motion, either via answer or via a motion to dismiss, within 14 days after receipt of the latest-received affidavit from Mr. Grassby and Mr. Falk.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See Fed. R. Civ. P.

72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated September 19, 2011.

BY THE COURT:

/s/ Veronica L. Duffy
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE