UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES LITTLE BEAR, a/k/a Dale Little Bear, | ) ) ) | Civ. 11-5029-KES |
| Petitioner, | ) ) | |
| vs. | ) ) ) | ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

Petitioner, Charles Little Bear, filed a pro se motion to vacate, modify, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States moved to dismiss Little Bear's motion without holding an evidentiary hearing. Docket 19. The case was assigned to United States Magistrate Judge Veronica Duffy pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings, including evidentiary hearings.

On December 21, 2011, Magistrate Judge Duffy submitted her report and recommended that the United States' motion to dismiss Little Bear's motion to vacate, modify, or correct his sentence without holding an evidentiary hearing be granted. On January 24, 2012, pursuant to 28 U.S.C. § 636(b)(1), Little Bear filed objections to Magistrate Judge Duffy's report and recommendations. Docket 27.

**DISCUSSION**

In accordance with 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See Thompson v. Nix,* 897 F.2d 356 (8th Cir. 1990). Although Little Bear's objections are untimely, this court will review them de novo.

Little Bear objects to the magistrate judge's finding that he sought review by the United States Supreme Court. Little Bear states, "I have not filed for a petition for certiorari to the United States Supreme Court. I petition the court to produce any documents in this matter." Docket 27 at 1. The court agrees with Little Bear because the notice that the United States Supreme Court denied certiorari is entitled, "Re: Jese Hernandez-Mendoza v. United States, No 10-6879, (Your No. 08-3898)." Thus, the docket entry in Little Bear's criminal case, 08-500067, appears to have been filed in error. *See* CR. 08-50067, Docket 160. This objection, however, is irrelevant to Magistrate Judge Duffy's proposed resolution of Little Bear's claims.

Little Bear next objects to the court's denial of his motion for discovery. Magistrate Judge Duffy denied his motion for discovery as moot because she recommended his motion be dismissed without an evidentiary hearing. *See* Docket 25. Magistrate Judge Duffy's order specifically noted that "[s]hould the district court disagree with this magistrate judge that Mr. Little Bear's request for habeas relief should be denied, Mr. Little Bear may at that time renew his

motion for discovery." *Id.* Little Bear asserts that "[t]o deny my motion for discovery in order to show my innocence in my case would deny me my right, and access to the courts which is a constitutional violation." Docket 27 at 1. Although this objection does not relate to Magistrate Judge Duffy's proposed resolution of Little Bear's § 2255 motion, after applying de novo review, the court concludes that the discovery motion was appropriately denied.

Little Bear did not file any objections that relate to Magistrate Judge Duffy's resolution of his § 2255 motion. In his motion, Little Bear asserted four claims that his counsel was constitutionally ineffective. Little Bear's first claim is that his attorney was ineffective by failing to investigate, interview, and call as a trial witness S.T.B., the mother of the victim. Magistrate Judge Duffy rejected this claim, noting that sworn testimony from Little Bear's attorney establishes that the decision not to call S.T.B. as a witness was a strategic one, made after consulting his client. "There is a presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Hall v. Leubbers*, 296 F.3d 685, 692 (8th Cir. 2002). An affidavit from Little Bear's attorney establishes that he chose not to call S.T.B. as a witness because her testimony would potentially do more harm than good to the defense and because other evidence attacked the victim's credibility, which was the primary reason to call S.T.B. Little Bear's remaining

3

three claims are that his attorney was ineffective in dismissing from his direct appeal three issues regarding his conviction. "The Sixth Amendment does not require that counsel raise every colorable or non-frivolous claim on appeal." *New v. United States*, 652 F.3d 949, 953 (8th Cir. 2011). Magistrate Judge Duffy also rejected these claims, noting that Little Bear did not overcome the evidence that the decision to drop the issues relating to his conviction was strategic. An affidavit from Little Bear's attorney stated that he determined that if Little Bear prevailed on his claims on appeal relating to his conviction, he could be worse off during a retrial. Consequently, Magistrate Judge Duffy's report and recommendation that Little Bear's motion be denied without holding an evidentiary hearing is accepted. Therefore, it is

ORDERED that Magistrate Judge Duffy's report and recommendation (Docket 24) is accepted in full, with the minor change that a petition for certiorari was not filed, Little Bear's objections (Docket 27) are overruled, and the United States' motion to dismiss without an evidentiary hearing (Docket 19) is granted.

IT IS FURTHER ORDERED that Little Bear is notified that **he may not appeal the denial of his § 2255 motion unless he receives a certificate of appealability from this court.** In order to receive a certificate of appealability, Little Bear is required to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, **Little Bear will have 21 days to submit arguments on whether a certificate of appealability should issue. Little Bear is directed to <u>identify the issues</u> for which he seeks a certificate of appealability. Respondent will have 14 days to respond to Little Bear's arguments.**

Dated February 8, 2012.

                                        BY THE COURT:

                                        /s/ *Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        CHIEF JUDGE